## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

PRACTICE MANAGEMENT SUPPORT
SERVICES, INC., et al.,

      Plaintiffs,

v.

CODING STRATEGIES, INC.,

      Defendant.

Case No.

FILED: MARCH 27, 2008
08CV1794                EDA
JUDGE HOLDERMAN
MAGISTRATE JUDGE KEYS

## NOTICE OF REMOVAL

Defendant Coding Strategies, Inc. ("CSI"), pursuant to 28 U.S.C. § 1446, gives notice of the removal of this action to the United States District Court for the Northern District of Illinois, based upon the following grounds:

1.      On or about February 13, 2008, Plaintiff filed a lawsuit in the Circuit Court of Cook County, Illinois, Chancery Division, styled <u>Practice Management Support Services, Inc. v. Coding Strategies, Inc.</u>, Case No. 2008-CH-05551.  CSI was served with the Complaint on February 27, 2008.  Attached as Exhibit A hereto is a copy of all of the process, pleadings and orders that have been served upon CSI in this action.

2.      This action is one which may be removed by the CSI pursuant to the provisions of 28 U.S.C. § 1441(a).  On the basis of the facts alleged by the Plaintiff, this is a civil action in which the district courts of the United States have original jurisdiction in that it arises under the laws of the United States pursuant to 28 U.S.C. § 1331.

3.      In particular, Plaintiff's action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"), which Plaintiffs allege that CSI violated by allegedly sending unsolicited facsimile advertisements to the Plaintiff.  (Complaint, ¶¶ 11, 16, 21-29.)

4.    Claims arising under the TCPA present a federal question and are removable pursuant to 28 U.S.C. 1441(a).  *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 451 (7th Cir. 2005).

5.    In addition, Plaintiff asserts claims for alleged common law conversion and violations of the Illinois Consumer Fraud and Deceptive Practices Act, 815 ILCS 505/2. (Complaint, ¶¶ 31-39, 41-50.)  These claims do not defeat federal jurisdiction because they arise from the same set of facts and circumstances alleged to support the TCPA claim and are part of the same case or controversy.  Thus, this Court has supplemental jurisdiction over the non-federal claims under 28 U.S.C. § 1367(a).

6.    Given the circumstances set forth above, this action, which has been filed with the Cook County Circuit Court as No. 2008-CH-05551, constitutes an action which could have been originally brought in this Court pursuant to 28 U.S.C. § 1331.  This action may be removed by CSI pursuant to 28 U.S.C. § 1441(a).

WHEREFORE, CSI gives notice that the action now pending before the Cook County Circuit Court, No. 2008-CH-05551, shall be removed to this Court.

Respectfully submitted,

s/ *Brian H. Meldrum*
Clark A. Johnson
Brian H. Meldrum
STITES & HARBISON, PLLC
400 West Market Street, Suite 1800
Louisville, KY  40202-3352
Telephone: (502) 587-3400

COUNSEL FOR DEFENDANT,
CODING STRATEGIES, INC.

## <u>CERTIFICATE OF SERVICE</u>

On March 27, 2008, I served a copy of the foregoing Notice of Removal upon the counsel of record set forth below by first class U.S. Mail, postage-prepaid.

Brian J. Wanca
ANDERSON + WANKA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008

Max G. Margulis
MARGULIS LAW GROUP
14236 Cedar Springs Dr.
Chesterfield, MO 63017

Phillip A. Bock
BOCK & HATCH, LLC
134 N. LaSalle Street, Suite 1800
Chicago, IL 60602



*s/ Brian H. Meldrum*
Brian H. Meldrum

08CV1794
JUDGE HOLDERMAN
MAGISTRATE JUDGE KEYS

EDA

# <u>EXHIBIT A</u>

## IN THE CIRCUIT COURT OF THE COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| PRACTICE MANAGEMENT SUPPORT SERVICES, INC., an Illinois corporation, individually and as the representatives of a class of similarly-situated persons, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| CODING STRATEGIES, INC., | ) ) ) ) |
| Defendant. | ) ) |

### CLASS ACTION COMPLAINT

Plaintiff, PRACTICE MANAGEMENT SUPPORT SERVICES, INC. ("Plaintiff"), brings this action on behalf of itself and all other persons similarly situated, through its attorneys, and except as to those allegations pertaining to Plaintiff or its attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against Defendant, CODING STRATEGIES, INC. ("Defendant"):

### PRELIMINARY STATEMENT

1.    This case brings claims against Defendant for faxing unsolicited advertisements.

2.    The federal Telephone Consumer Protection Act, 47 USC § 227, prohibits a person or entity from faxing or having an agent fax advertisements without the recipient's prior express invitation or permission ("junk faxes" or "unsolicited faxes"). The TCPA provides a private right of action and provides statutory damages of $500 per violation, which may be trebled for knowing or willful violations, and authorizes injunctions against the wrongdoer. 47 U.S.C. § 227(B)(3).

3.    Unsolicited faxes damage their recipients. A junk fax recipient loses the use of its

fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's valuable time that would have been spent on something else. A junk fax interrupts the recipient's privacy. Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

4.     On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendant under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), the common law of conversion, negligence, and the Illinois Consumer Fraud and Deceptive Practices Act, 815 ILCS 505/2 and the substantially-similar consumer protection statues of other states.

5.     Plaintiff seeks an award of statutory damages for each violation of the TCPA.

## JURISDICTION AND VENUE

6.     Jurisdiction is conferred by 735 ILCS 5/2-209 in that Defendant has transacted business in Illinois and violated state and federal law related to the matters complained of herein. Defendant does business in this state and purposefully directs its business activities at Illinois residents and Illinois fax machines.

7.     Venue is proper in Cook County pursuant to 735 ILCS 5/2-101, et seq. because some of the tortious acts complained of occurred in Cook County, Illinois.

8.     Federal jurisdiction does not exist because no federal question or claim is asserted and Plaintiffs' individual claims are worth less than $75,000.00, inclusive of all forms of damages and fees. Plaintiff expressly disclaims any individual recovery in excess of $75,000.00, inclusive of all forms of damages and fees.

2

## PARTIES

9.      Plaintiff, PRACTICE MANAGEMENT SUPPORT SERVICES, INC., is an Illinois corporation with its principal place of business in Cook County, Illinois.

10.     On information and belief, Defendant, CODING STRATEGIES, INC., is a foreign corporation with its principal place of business at Powder Springs, Georgia.

## FACTS

11.     On or about November 1, 2006, November 16, 2006 and March 28, 2007, Defendant transmitted by telephone facsimile machine three unsolicited advertisements to Plaintiff's facsimile machine. Copies of the three facsimiles are attached hereto as Exhibit A.

12.     Defendant knew or should have known that (i) the fax in Exhibit A was advertisements and (ii) Defendant did not have permission or invitation to send Exhibit A to Plaintiff and the other members of the class, and (iii) Defendant did not have an established business relationship.

13.     On information and belief, Defendant has sent similar unsolicited facsimile advertisements to at least 39 other recipients.

14.     There is no reasonable means for Plaintiff (or any other class member) to avoid receiving illegal faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

## COUNT I
## TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

15.     Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

16.     In accordance with 735 ILCS 5/2-801, Plaintiff brings Count I pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class of persons:

3

All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendant, (3) with respect to whom Defendant cannot provide evidence of prior express permission or invitation for the sending of such faxes, and (4) with whom Defendant did not have an established business relationship.

17.    A class action is warranted because:

(a)    On information and belief, the class includes forty or more persons and is so numerous that joinder of all members is impracticable.

(b)    There are questions of fact or law common to the class predominating over questions affecting only individual class members, including without limitation:

(i)    Whether Defendant sent unsolicited fax advertisements;

(ii)    Whether Defendant's facsimiles advertised the commercial availability of property, goods, or services;

(iii)    The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

(iv)    Whether Defendant faxed advertisements without first obtaining the recipients' express permission or invitation;

(v)    Whether Defendant violated the provisions of 47 USC § 227;

(vi)    Whether Plaintiff and the other class members are entitled to statutory damages;

(vii)    Whether Defendant willfully or knowingly violated the provisions of 47 U.S.C. § 227; and

(viii)    Whether Defendant engaged in willful or wanton conduct entitling

4

Plaintiff and other members of the class to treble damages.

18.    Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff's counsel are experienced in handling class actions and claims involving unsolicited advertising faxes. Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the absent class members.

19.    A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

20.    The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine...." 47 U.S.C. § 227(b)(1).

21.    The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

22.    The TCPA provides:

3.    Private right of action. A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:

(A)    An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B)    An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C)    Both such actions.

23.    The TCPA is a strict liability statute and Defendant is liable to Plaintiff and the

other class members even if its actions were only negligent.

24.    If the court finds that Defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award equal to not more than three times the amount available under subparagraph (B) of this paragraph.  47 U.S.C. § 227 (b)(3).

25.    Defendant violated 47 U.S.C. § 227 et seq. by transmitting Exhibit A hereto to Plaintiff and the other members of the class without obtaining their prior express permission or invitation.

26.    The transmissions of Exhibit A hereto to Plaintiff and the other members of the class caused Plaintiff and members of the class the loss of time and other resources as Plaintiff and other members of the class used their time receiving, routing, and reviewing Defendant's illegal faxes.

27.    The transmissions of exhibit A hereto to Plaintiff and the other members of the class interfered with Plaintiff and other class members' exclusive use of their respective property.

28.    The transmission of Exhibit A hereto to Plaintiff and the other members of the class interfered with Plaintiff and other class members' business and/or personal communications.

29.    The transmissions of Exhibit A hereto to Plaintiff and the other members of the class interfered with Plaintiff and other class members' business and/or personal communications.

WHEREFORE, Plaintiff, PRACTICE MANAGEMENT SUPPORT SERVICES, INC., individually and on behalf of all others similarly situated, demands judgment in its favor and

against Defendant, CODING STRATEGIES, INC., as follows:

    A.    That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

    B.    That the Court award the sum of $500.00 in damages for each violation;

    C.    That the Court enter an injunction prohibiting Defendant from transmitting advertisements by facsimile without the recipient's prior express permission or invitation; and

    D.    That the Court award costs and such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 per individual, inclusive of all damages and fees.

## COUNT II
## CONVERSION

30.    Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

31.    In accordance with 735 ILCS 5/2-801, Plaintiff brings Count II for conversion under the common law for the following class of persons:

> All persons (1) who on or after a date five years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods or services by or on behalf of Defendant, (3) with respect to whom Defendant cannot provide evidence of prior express permission or invitation for the sending of such faxes and (4) with whom Defendant did not have an established business relationship.

32.    A class action is proper in that:

    (a)    On information and belief the class consists of forty or more persons and is so numerous that joinder of all members is impracticable.

    (b)    There are questions of fact or law common to the class predominating over all questions affecting only individual class members, including:

7

(i)    Whether Defendant engaged in a pattern of sending unsolicited fax advertisements;

(ii)   Whether the facsimiles Defendant sent were material advertising the commercial availability of property, goods, and services;

(iii)  Whether Defendant sent advertising faxes without obtaining the recipient's prior express permission or invitation for the faxes;

(iv)   The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements.

(v)    Whether Defendant committed conversion; and

(vi)   Whether Plaintiff and the other class members are entitled to recover actual damages and other appropriate relief.

33.    Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who is experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

34.    A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

35.    By sending Plaintiff and the other class members unsolicited faxes, Defendant improperly and unlawfully converted their fax machines, toner and paper to its own use. Defendant also converted Plaintiff's employees' time to Defendant's own use.

36.    Immediately prior to the sending of the unsolicited faxes, Plaintiff and the other

8

class members owned an unqualified and immediate right to possession of their fax machines, paper, toner, and employee time.

37    Defendant knew or should have known that its misappropriation of Plaintiff's resources was wrongful and without authorization.

38.    Plaintiff and the other class members were deprived of valuable resources, which because of defendant could not be used for any other purpose.  Defendant's unsolicited faxes caused unauthorized wear and tear of the class members' machines.

39.    Plaintiff and each class member suffered economic damages because they received unsolicited fax advertisements from Defendant.

WHEREFORE, Plaintiff, PRACTICE MANAGEMENT SUPPORT SERVICES, INC., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant, CODING STRATEGIES, INC., as follows:

A.    That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff' counsel as counsel for the class;

B.    That the Court award appropriate damages;

C.    That the Court award costs of suit; and

D.    Awarding such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 to any individual class member.

## COUNT III
## ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
### 815 ILCS 505/2

40.    Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

41.    In accordance with 735 ILCS 5/2-801, Plaintiff, on behalf of the following class

of persons, bring Count III for Defendant's unfair practice of sending unsolicited and unlawful fax advertisements:

> All persons in Illinois who (1) on or after a date three years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendant, (3) with respect to whom Defendant cannot provide evidence of prior express permission or invitation for the sending of such faxes, and (4) with whom Defendant did not have an established business relationship.

42.    A class action is proper in that:

(a)    On information and belief the class consists of thousands of persons in Illinois and throughout the United States and is so numerous that joinder of all members is impracticable.

(b)    There are questions of fact or law common to the class predominating over all questions affecting only individual class members including:

(i)    Whether Defendant engaged in a pattern of sending unsolicited fax advertisements;

(ii)    Whether the facsimiles sent by Defendant were material advertising the commercial availability of property, goods, and services;

(iii)    Whether Defendant sent advertising faxes without obtaining the recipients' prior express permission or invitation for the faxes;

(iv)    The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

(v)    Whether Defendant's practice of sending unsolicited faxed advertisements violates the public policy against such faxes;

(vi)    Whether Defendant's practice of sending unsolicited faxes is oppressive;

(vii)    Whether Defendant's practice of sending unsolicited faxes substantially injures consumers;

(viii)    Whether Defendant's practice of sending unsolicited faxes is an unfair practice; and

(ix)    Whether Plaintiff and the other class members are entitled to recover actual damages, attorney fees, and other appropriate relief.

43.    Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who are experienced in handling class actions and claims involving lawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

44    A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

45.    720 ILCS 5/26-3(b) makes it a petty criminal offense to transmit unsolicited facsimile advertisements to Illinois residents and sets a $500.00 fine for each violation of this criminal statute.

46.    Defendant's unsolicited fax practice is an unfair practice, because it violates state and federal public policy. It forced Plaintiff and the other class members to incur expense without any consideration.

47.    Defendant violated the unfairness predicate of the Act by engaging in an unscrupulous business practice and by violating Illinois statutory public policy, which public

11

policy violations in the aggregate caused substantial injury to forty or more persons.

48.   Defendant's misconduct caused damages to Plaintiff and the other members of the class, including the loss of paper, toner, ink, and wear and tear on their facsimile machines, and the loss of employee time wasted in handling Defendant's faxes.

49.   Through its repeated misconduct, Defendant caused substantial injury to the class and caused them economic damage, including the loss of paper, toner, ink, wear and tear on their facsimile machines, and business interruption.  By faxing unsolicited advertisements to them, Defendant forced the class members to pay for Defendant's advertising campaign, when they had no obligation to pay any portion of Defendant's costs.

50.   Absent a practical mechanism for consumers to gather together to recover for the damages Defendant's unsolicited faxes caused them, there is a substantial danger that consumer facsimile machines will continue to be inundated with an avalanche of unwanted and offensive materials.

WHEREFORE, Plaintiff, PRACTICE MANAGEMENT SUPPORT SERVICES, INC., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant, CODING STRATEGIES, INC., as follows:

A.   That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the class representative, and appoint Plaintiff's counsel as counsel for the class;

B.   That the Court award damages to Plaintiff and the other class members;

C.   That the Court award attorney fees and costs;

D.   That the Court enter an injunction prohibiting Defendant from sending unsolicited faxed advertisements to Illinois consumers; and

E.     Award such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 to any individual member.

Respectfully submitted,

PRACTICE MANAGEMENT SUPPORT
SERVICES, INC., individually and as the
representative of a class of similarly-situated
persons

By:  *[signature]*

One of Plaintiff's Attorneys

Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: 847/368-1500
Attorney No. 51306

Max G. Margulis
MARGULIS LAW GROUP
14236 Cedar Springs Dr.
Chesterfield, MO 63017
Telephone: (314) 434-8502

Phillip A. Bock
BOCK & HATCH, LLC
134 N. La Salle St., Suite 1000
Chicago, IL 60602
Telephone: 312/658-5500

13

**EXHIBIT A**

11/1/06 12:19          770-445-8487          John Zulaski          □ 1/1



# Last Chance for Early Registration!
## CSI's 7th Annual CROWN Seminar Series
*Philadelphia, PA · December 4-7 | Dallas, TX · January 8-11 | Atlanta, GA · 22-25*

## 2007 Cardiology Track:

**NEW!! Invasive Cardiology** - This session is designed specifically for anyone who is coding Invasive Cardiology procedures. It will introduce new codes for 2007 and will review coding guidelines for common invasive cardiology procedures in detail. Procedures to be discussed include diagnostic cardiac catheterization, percutaneous coronary interventions, peripheral angiography, peripheral transcatheter interventions, and combined cardiac-peripheral procedures. Participants will gain confidence in the assignment of codes and modifiers for these procedures through use of case study exercises.

**NEW!! Heart Rhythm Procedures** - This session is designed for anyone who is coding heart rhythm services. It will introduce new 2007 codes and will review coding guidelines for heart rhythm procedures in detail. Services to be discussed include pacemaker procedures, implantable cardioverter-defibrillator (ICD) procedures, cardiac resynchronization therapy, diagnostic and therapeutic electrophysiology procedures, and Holter monitor and cardiac event monitor procedures. Use of modifiers will also be discussed. Participants will gain confidence in the assignment of codes and modifiers for these procedures through use of case study exercises.

**For Hotel Information Visit:**
http://www.codingstrategies.com/crown.htm

| AAPC Member Price - $460 |
|---|
| *Register Before November 10, 2006* |
| **Early Registration - $525** |
| *Register Before November 10, 2006* |
| **Regular Registration - $585** |

| Multi-Session Discounts |
|---|
| 3 - 5 Sessions........$20 Off Each Session |
| 6 - 10 Sessions......$25 Off Each Session |
| 11+ Sessions.........$30 Off Each Session |

**Specialty Workshops-Check your session!**
☐ Invasive Cardiology
☐ Heart Rhythm Procedures
☐ Basic Interventional Radiology
☐ Diagnostic Radiology
☐ Interventional Radiology
☐ Advanced Interventional Radiology
☐ Radiation Oncology
☐ Auditing for Radiation Oncology
☐ Medical Oncology-Physician/Freestanding
☐ Medical Oncology-Hospital

| ATTENDEE'S NAME: | | | CREDENTIAL(S): | | TITLE: |
|---|---|---|---|---|---|
| PHONE NUMBER: | | EXT: | EMAIL: | | |
| COMPANY/ORGANIZATION: | | | SEMINAR LOCATION: (CIRCLE ONE)  PA   TX   GA | | |
| ADDRESS: | | | | CITY: | |
| ZIP: | PHONE: | | | | STATE: |
| CHECK#: | | | | FAX: | |
| NAME ON CARD: | | | CREDIT CARD:  VISA  AMEX  MC (Circle One) | CID#: | EXP. DATE: |
| CREDIT CARD NUMBER: | | | | CREDIT CARD BILL ZIP CODE: | |

**Multiple Attendees:** Participants must register at the same time and Coding Strategies, Inc. must receive a consolidated payment for all attendees no later than 10 business days prior to the event.

**Early Registration or AAPC Discounts:** To qualify for Early Registration or AAPC discounts, enrollment and payment must be received BEFORE NOVEMBER 10, 2006. You must also submit a copy of your AAPC membership card to qualify for the AAPC discount.

**Cancellations:** All cancellations must be received in writing at least 30 business days prior to the seminar in order to receive a full refund. Cancellations made after this time are subject to a $150.00 charge. Registrants who do not cancel and do not attend are responsible for the full registration fee. Enrollments can be transferred to another person up to 10 business days prior to the session. Call CSI at 1-877-6-CODING. Coding Strategies, Inc. will not issue any refunds due to inclement weather. Please make your travel plans to accommodate accordingly.



*For All of Your Coding Needs Call 1-877-6-CODING*
* Auditing * Education * Reference Guides * Coding Support Services

FAX: 770-445-0407 ■ www.codingstrategies.com
6041 Dallas Highway, Ste. 608, Powder Springs, GA 30127

To remove your number from this distribution list, please call 877-556-8464. Please allow 72 hours for processing.
Coding Strategies, Inc. 6041 Dallas Highway, Ste. 608 Powder Springs, GA 30127 1-877-623-5464 fax: 770-445-0407

11/16/06 12:48        770-445-0407              847-797-0583              D 1/1



# Are You Receiving Proper Reimbursement?
## CSI's 7th Annual CROWN Seminar Series
*Philadelphia, PA - December 4-7 | Dallas, TX - January 8-11 | Atlanta, GA - January 22-25*

## Heart Rhythm Procedures

This session is designed specifically for anyone responsible for Heart Rhythm Services coding and reimbursement. This seminar will introduce new 2007 codes and will review coding guidelines for heart rhythm procedures in detail.

Items to be discussed include:
* Pacemaker Procedures
* Implantable Cardioverter-Defibrillator (ICD) Procedures
* Cardiac Resynchronization Therapy
* Diagnostic and Therapeutic Electrophysiology Procedures
* Holter Monitor and Cardiac Event Monitor Procedures
* EKG and stress testing
* Noninvasive cardiac imaging
* And Much More!

## Attendees receive more at CROWN!!

Attendees receive more at CROWN than any other seminar in the industry! Sessions include 2007 Navigator Reference Guide(s) (valued at $249.00 ea.), helpful coding tips, hands on participation, networking opportunities, expert speakers, comprehensive job-aids, on-line resources, Web-Client Access for 2007, multimedia presentations, lunch with the speakers, and Coding Resource Center!

For More Information Visit:
**http://www.codingstrategies.com/crown.htm**

| Registration - $585 *Per Session* |
|---|
| **Multi-Session Discounts** |
| 3 - 5 Sessions......$20 Off Each Session |
| 6 - 10 Sessions......$25 Off Each Session |
| 11+ Sessions......$30 Off Each Session |

**Specialty Workshops-Check your sessions!**
☐ Heart Rhythm Procedures
☐ Invasive Cardiology
☐ Basic Interventional Radiology
☐ Diagnostic Radiology
☐ Interventional Radiology
☐ Advanced Interventional Radiology
☐ Radiation Oncology
☐ Auditing for Radiation Oncology
☐ Medical Oncology-Physician/Freestanding
☐ Medical Oncology-Hospital

Approved for Category A AART and AAPC CEU's



American Academy of Professional Coders
CEU APPROVED

---

| ATTENDEE'S NAME: | | CREDENTIAL(S): | TITLE: |
|---|---|---|---|
| PHONE NUMBER: | EXT: | EMAIL: | |
| COMPANY/ORGANIZATION: | | SEMINAR LOCATION: (CIRCLE ONE)  PA  TX  GA | |
| ADDRESS: | | CITY: | STATE: |
| ZIP: | PHONE: | | |
| | | | FAX: |
| CHECK#: | | CREDIT CARD: (CIRCLE ONE)  VISA  AMEX  MC | |
| NAME ON CARD: | | CID#: | EXP. DATE: |
| CREDIT CARD NUMBER: | | | CREDIT CARD BILL ZIP CODE: |

**Multiple Attendees!** Participants must register at the same time and Coding Strategies, Inc. must receive a consolidated payment for all attendees no later than 10 business days prior to the event.

**Cancellations!** All cancellations must be received in writing at least 30 business days prior to the seminar in order to receive a full refund. Cancellations made after this time are subject to a $150.00 charge. Registrants who do not cancel and do not attend are responsible for the full registration fee. Enrollment can be transferred to another person up to 10 business days prior to the session. Call CSI at 1-877-6-CODING. Coding Strategies, Inc. will not issue any refunds due to inclement weather. Please make your travel plans to accommodate accordingly.

**CSI**
Coding Strategies, Inc.

*For All of Your Coding Needs Call 1-877-6-CODING*
* Auditing * Education * Reference Guides * Coding Support Services
Fax: 770-445-0407 ● www.codingstrategies.com
5041 Dallas Highway, Ste. 608, Powder Springs, GA 30127
To remove your number from this distribution list, please call 877-366-3466. Please allow 72 hours for processing.
Coding Strategies, Inc. 5041 Dallas Highway, Ste. 608 Powder Springs, GA 30127 1-877-626-6464 Fax: 770-445-0407

3/28/07 8:38    770-445-0407    John Zulaski    B 1/1

*Practice Management 104*



# >>SAVE With CSI's Coding E-Cash!

## Visit CSI's NEW Online Shop For Specialty Coding Products & More

### >We make it easy to order the coding tools you need!

For your convenience CSI has a new E-Commerce site! Order references at CSI's NEW online shop & receive E-Cash to use towards your purchase! Click on any of the shopping carts on CSI's website to make all of your product purchases and/or register for upcoming seminars, audio/web conferences and other events at http://shop.codingstrategies.com/.

Use the promotional code when you order online and we'll give you $20 E-Cash to use towards your purchase.* This is a limited time offer, don't miss out! Order TODAY!

*One time only promotional code can not be used in conjunction with other offers.
**Offer expires April 15, 2007



Visit CSI's New Online Shop!
http://shop.codingstrategies.com/

### >Reference tools from THE Specialty Experts!

CSI Navigator reference guides are designed to clearly explain procedures, documentation requirements, and associated compliance concerns and guidelines. Depending on the specialty, our reference guides & job aids offer case studies, real documentation, frequently asked questions, definitions, coding tips, state-of-the-art graphics and so much more! CSI Navigators are a true benefit to physicians, medical coding staff, practice managers, and any other professional involved in specialty services. CSI reference guides include:

Promotional Code:

FKEIJI0894

* Laminated Job Aids
* Web Client Access
* Coding Resource Center
* Other Industry Resource Links
* And more!

### >Designed for your specialty coding needs!

* Radiation Oncology
* Invasive Cardiology
* Diagnostic Radiology
* Interventional Procedures
* Heart Rhythm Procedures
* Medical Oncology Hospital
* Medical Oncology Physician/Freestanding
* Sub-Specialty Guides & so much more!

**Ordering has never been so easy!**

STEP 1. Go to CSI's NEW Online Shop at http://shop.codingstrategies.com/.

STEP 2: Choose the specialty Navigator Reference guide of your choice & add to your shopping cart

STEP 3: During the check-out process, type in the above promotional code & save $20 off the total product(s) purchased!



**CSI**
Coding Strategies, Inc.
Fax 032707

*For All of Your Coding Needs Call 1-877-9-CODING*
* Auditing * Education * Reference Guides * Coding Support Services
Fax. 770-445-0407 * www.codingstrategies.com
5041 Dallas Highway, Ste. 606, Powder Springs, GA 30127

To remove your number from this distribution list, please call 877-926-3464. Allow 72 hours to process your request. Coding Strategies, Inc. Fax: 770-445-0407

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT CHANCERY DIVISION**

PRACTICE MANAGEMENT SUPPORT
SERVICES, INC., an Illinois corporation,
individually and as the representative of a
class of similarly-situated persons,

     Plaintiff,

    v.

CODING STRATEGIES, INC.
     Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

2004PH05551
CALENDAR/ROOM 11
TIME 00:00
Class Action

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff, PRACTICE MANAGEMENT SUPPORT SERVICES, INC., by its attorneys,

Anderson + Wanca and Bock & Hatch, LLC, respectfully moves this court, pursuant to 735

ILCS 5/2-801 et seq., to certify for class action treatment the following classes, as described in

Plaintiff's Class Action Complaint:

> All persons who (1) on or after four years prior to the filing of this
> action, (2) were sent telephone facsimile messages of material
> advertising the commercial availability of any property, goods, or
> services by or on behalf of Defendant, (3) with respect to whom
> Defendant cannot provide evidence of prior express permission or
> invitation for the sending of such faxes, and (4) with whom
> Defendant did not have an established business relationship.

> All persons who (1) on or after five years prior to the filing of this
> action, (2) were sent telephone facsimile messages of material
> advertising the commercial availability of any property, goods, or
> services by or on behalf of Defendant, (3) with respect to whom
> Defendant cannot provide evidence of prior express permission or
> invitation for the sending of such faxes, and (4) with whom
> Defendant did not have an established business relationship.

> All persons who (1) on or after three years prior to the filing of this
> action, (2) were sent telephone facsimile messages of material

advertising the commercial availability of any property, goods, or services by or on behalf of Defendant, (3) with respect to whom Defendant cannot provide evidence of prior express permission or invitation for the sending of such faxes, and (4) with whom Defendant did not have an established business relationship.

Plaintiff will file a supporting Memorandum of Law in due course.

WHEREFORE, Plaintiff, PRACTICE MANAGEMENT SUPPORT SERVICES, INC., prays that this court enter an order pursuant to 735 ILCS 5/2-801 certifying for class treatment the classes set forth herein.

Respectfully submitted,

PRACTICE MANAGEMENT SUPPORT SERVICES, INC., individually and as the representative for a class of similarly-situated persons

By:  _____
One of the Attorneys for Plaintiff

Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL  60008
Telephone: 847/368-1500
Fax:  847/368-1501
#51306

Max G. Margulis
MARGULIS LAW GROUP
14236 Cedar Springs Dr.
Chesterfield, MO 63017
Telephone: (314) 434-8502

Phillip A. Bock
BOCK & HATCH, LLC
134 N. LaSalle Street  Suite 1000
Chicago, IL 60602
Telephone: 312/658-5500
Fax: 312/658-5555

2

2120 – Served
2220 – Not Served
2320 – Served By Mail
2420 – Served By Publication
**SUMMONS**

2121 – Served
2221 – Not Served
2321 – Served By Mail
2421 – Served By Publication
**ALIAS - SUMMONS**

CCG N001-10M-1-07-05 (                                    )

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT,   CHANCERY                    DIVISION

(Name all parties)
Practice Management Support Services, Inc, an Illinois
corporation, individually and as the representative of a class of
similarly-situated persons,

v.

CODING STRATEGIES, INC.

ROOM 05551
COOK COUNTY ROOM 11
ITEM 60200
Class Action

No.

Serve:  S&H Atlanta, LLC
        303 Peachtree Street NE
        Atlanta, GA  30308

### SUMMONS

To each Defendant:

**YOU ARE SUMMONED** and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room ___802___, Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☐ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 51306
Name: Brian J. Wanca @ Anderson + Wanca
Atty. for: Plaintiff
Address: 3701 Algonquin Rd. Suite 760
City/State/Zip: Rolling Meadows, IL 60008
Telephone: 847/368-1500

Service by Facsimile Transmission will be accepted at: _____

WITNESS,

**DOROTHY BROWN** FEB 1 3 2008

_____
Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

(Area Code)   (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**