IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PRACTICE MANAGEMENT SUPPORT SERVICES, INC., et al.,<br><br>      Plaintiffs,<br><br>v.<br><br>CODING STRATEGIES, INC.,<br><br>      Defendant. | Case No. 08-CV-1794<br><br>Hon. James F. Holderman |

## CODING STRATEGIES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO COUNT I OF CLASS ACTION COMPLAINT

Defendant, Coding Strategies, Inc. ("CSI") hereby answers the allegations of Count I of the Class Action Complaint of Practice Management Support Services, Inc. ("PMSS"), paragraph by paragraph, as follows:[1]

1.  This case brings claims against Defendant for faxing unsolicited advertisements.

**ANSWER:** CSI admits that PMSS has characterized its own lawsuit. Except as expressly admitted, CSI denies each and every allegation of Paragraph 1.

2.  The federal Telephone Consumer Protection Act, 47 USC § 227, prohibits a person or entity from faxing or having an agent fax advertisements without the recipient's prior express invitation or permission ("junk faxes" or "unsolicited faxes"). The TCPA provides a private right of action and provides statutory damages of $500 per violation, which may be trebled for knowing or willful violations, and authorizes injunctions against the wrongdoer. 47 U.S.C. § 227(B)(3).

**ANSWER:** CSI states that Paragraph 2 consists entirely of legal conclusions to which no response is required. To the extent that any response is required, CSI denies each and every allegation of Paragraph 2 and respectfully refers the Court to 47 U.S.C. § 227 for its full and complete meaning.

---

[1] Counsel for PMSS stipulated on April 2, 2008 to withdraw Counts II and III of the Complaint.

3. Unsolicited faxes damage their recipients. A junk fax recipient loses the use of its fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's valuable time that would have been spent on something else. A junk fax interrupts the recipient's privacy. Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

**ANSWER:** CSI denies each and every allegation of Paragraph 3.

4. On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendant under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), the common law of conversion, negligence, and the Illinois Consumer Fraud and Deceptive Practices Act, 815 ILCS 505/2 and the substantially-similar consumer protection statutes of other states.

**ANSWER:** CSI admits that PMSS purports to bring a class action, but PMSS denies that this action meets the requirements of Fed. R. Civ. P. 23. CSI admits that PMSS purports to assert claims under the TCPA, common law conversion, and the Illinois Fraud and Deceptive Practices Act, but denies that PMSS is entitled to relief under these or any other legal theories. Except as expressly admitted, CSI denies each and every allegation of Paragraph 4.

5. Plaintiff seeks an award of statutory damages for each violation of the TCPA.

**ANSWER:** CSI admits that PMSS purports to seek the damages alleged in Paragraph 5, but denies that it is entitled to any such damages. Except as expressly admitted, PMSS denies each and every allegation of Paragraph 5.

6. Jurisdiction is conferred by 735 ILCS 5/2-209 in that Defendant has transacted business in Illinois and violated state and federal law related to the matters complained of herein. Defendant does business in this state and purposefully directs its business activities at Illinois residents and Illinois fax machines.

**ANSWER:** CSI admits that this Court has personal jurisdiction over it in this lawsuit. Except as expressly admitted, CSI denies each and every allegation of Paragraph 6.

7. Venue is proper in Cook County pursuant to 735 ILCS 5/2-101, et seq. because some of the tortious acts complained of occurred in Cook County, Illinois.

**ANSWER:** CSI admits that this Court is the proper venue for this lawsuit. Except as

expressly admitted, CSI denies each and every allegation of Paragraph 7.

8. Federal jurisdiction does not exist because no federal question or claim is asserted and Plaintiff's individual claims are worth less than $75,000.00, inclusive of all forms of damages and fees. Plaintiff expressly disclaims any individual recovery in excess of $75,000.00, inclusive of all forms of damages and fees.

**ANSWER:** CSI admits that PMSS's claims are worth less than $75,000.00, but denies the allegation that this Court lacks jurisdiction. CSI states that federal question jurisdiction exists in this case for the reasons set forth in CSI's Notice of Removal. Except as expressly admitted, CSI denies each and every allegation of Paragraph 8.

9. Plaintiff, PRACTICE MANAGEMENT SUPPORT SERVICES, INC., is an Illinois corporation with its principal place of business in Cook County, Illinois.

**ANSWER:** CSI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 9.

10. On information and belief, Defendant, CODING STRATEGIES, INC., is a foreign corporation with its principal place of business at Powder Springs, Georgia.

**ANSWER:** CSI admits that it is a corporation with its principal place of business in Powder Springs, Georgia. Except as expressly admitted, CSI denies each and every allegation of Paragraph 10.

11. On or about November 1, 2006, November 16, 2006 and March 28, 2007, Defendant transmitted by telephone facsimile machine three unsolicited advertisements to Plaintiff's facsimile machine. Copies of the three facsimiles are attached hereto as Exhibit A.

**ANSWER:** CSI admits that it sent the facsimiles attached to the Complaint as Exhibit A on or about November 1, 2006, November 16, 2006 and March 28, 2007. Except as expressly admitted, CSI denies each and every allegation of Paragraph 11.

12. Defendant knew or should have known that (i) the fax in Exhibit A was advertisements [*sic*] and (ii) Defendant did not have permission or invitation to send Exhibit A to Plaintiff and the other members of the class, and (iii) Defendant did not have an established business relationship.

**ANSWER:** CSI denies each and every allegation of Paragraph 12.

13. On information and belief, Defendant has sent similar unsolicited facsimile advertisements to at least 39 other recipients.

**ANSWER:** CSI denies each and every allegation of Paragraph 13.

14. There is no reasonable means for Plaintiff (or any other class member) to avoid receiving illegal faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

**ANSWER:** CSI denies each and every allegation of Paragraph 14.

15. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

**ANSWER:** CSI incorporates its answers to the preceding paragraphs as though fully set forth herein.

16. In accordance with 735 ILCS 5/2-801, Plaintiff brings Count I pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class of persons:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendant, (3) with respect to whom Defendant cannot provide evidence of prior express permission or invitation for the sending of such faxes, and (4) with whom Defendant did not have an established business relationship.

**ANSWER:** CSI admits that PMSS purports to bring this action on behalf of the class described in Paragraph 16. Except as expressly admitted, CSI denies each and every allegation of Paragraph 16.

17. A class action is warranted because:

    (a) On information and belief, the class includes forty or more persons and is so numerous that joinder of all members is impracticable.

    (b) There are questions of fact or law common to the

class predominating over questions affecting only individual class members, including without limitation:

 (i) Whether Defendant sent unsolicited fax advertisements;

 (ii) Whether Defendant's facsimiles advertised the commercial availability of property, goods, or services;

 (iii) The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

 (iv) Whether Defendant faxed advertisements without first obtaining the recipients' express permission or invitation;

 (v) Whether Defendant violated the provisions of 47 USC § 227;

 (vi) Whether Plaintiff and the other class members are entitled to statutory damages;

 (vii) Whether Defendant willfully or knowingly violated the provisions of 47 U.S.C. § 227; and

 (viii) Whether Defendant engaged in willful or wanton conduct entitling Plaintiff and other members to treble damages.

**ANSWER:** CSI denies each and every allegation of Paragraph 17.

18. Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff's counsel are experienced in handling class actions and claims involving unsolicited advertising faxes. Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the absent class members.

**ANSWER:** CSI denies each and every allegation of Paragraph 18.

19. A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of each individual class member is controlling the prosecution of separate claims is small and individual actions are not economically feasible.

**ANSWER:** CSI denies each and every allegation of Paragraph 19.

20.     The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine. . . . " 47 U.S.C. § 227(b)(1).

**ANSWER:**    The allegations of Paragraph 20 consist of legal conclusions to which no response is required.  To the extent a response is required, CSI denies each and every allegation of Paragraph 20 and respectfully refers the Court to 47 U.S.C. § 227 for its full and complete meaning.

21.     The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

**ANSWER:**    The allegations of Paragraph 21 consist of legal conclusions to which no response is required.  To the extent a response is required, CSI denies each and every allegation of Paragraph 21 and respectfully refers the Court to 47 U.S.C. § 227 for its full and complete meaning.

22.     The TCPA provides:

>     3.    <u>Private right of action.</u>  A person may, if otherwise permitted by the laws or rules of a court of a state, bring in an appropriate court of that state:
>
>         (A)    An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
>         (B)    An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
>         (C)    Both such actions.

**ANSWER:**    The allegations of Paragraph 22 consist of legal conclusions to which no response is required.  To the extent a response is required, CSI denies each and every allegation of Paragraph 22 and respectfully refers the Court to 47 U.S.C. § 227 for its full and complete

meaning.

23. The TCPA is a strict liability statute and Defendant is liable to Plaintiff and the other class members even if its actions were only negligent.

**ANSWER:** CSI denies that it is liable to Plaintiff and/or the other purported class members. The remaining allegations of Paragraph 23 consist of legal conclusions to which no response is required. To the extent a response is required, CSI denies each and every allegation of Paragraph 23 and respectfully refers the Court to 47 U.S.C. § 227 for its full and complete meaning.

24. If the court finds that Defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award equal to not more than three times the amount available under subparagraph (B) of this paragraph. 47 U.S.C. § 227(b)(3).

**ANSWER:** The allegations of Paragraph 24 consist of legal conclusions to which no response is required. To the extent a response is required, CSI denies each and every allegation of Paragraph 24 and respectfully refers the Court to 47 U.S.C. § 227 for its full and complete meaning.

25. Defendant violated 47 U.S.C. § 227 et seq. by transmitting Exhibit A hereto to Plaintiff and the other members of the class without obtaining their prior express permission or invitation.

**ANSWER:** CSI denies each and every allegation of Paragraph 25.

26. The transmissions of Exhibit A hereto to Plaintiff and the other members of the class caused Plaintiff and members of the class the loss of time and other resources as Plaintiff and other members of the class used their time receiving, routing, and reviewing Defendant's illegal faxes.

**ANSWER:** CSI denies each and every allegation of Paragraph 26.

27. The transmissions of exhibit A hereto to Plaintiff and the other members of the class interfered with Plaintiff and other class members exclusive use of their respective property.

**ANSWER:** CSI denies each and every allegation of Paragraph 27.

28. The transmission of Exhibit A hereto to Plaintiff and the other members of the class interfered with Plaintiff and other class members' business and/or personal communications.

**ANSWER:** CSI denies each and every allegation of Paragraph 28.

29. The transmissions of Exhibit A hereto to Plaintiff and the other members of the class interfered with Plaintiff and other class members' business and/or personal communications.

**ANSWER:** CSI denies each and every allegation of Paragraph 29. CSI further states that no response is required to PMSS's prayer for relief in Count I, but if any response is required, CSI denies each and every allegation in PMSS's prayer for relief in Count I, and requests that the Court dismiss the Complaint with prejudice, and award costs to CSI to the maximum extend allowed by law, and grant CSI such futher relief as the Court deems equitable and just.

## COUNTS II AND III

On April 2, 2008, counsel for PMSS agreed to withdraw Counts II and III. Accordingly, no response is required to Counts II and III. To the extent a response is required, CSI denies each and every allegation of Counts II and III.

## FIRST AFFIRMATIVE DEFENSE

To the extent that CSI faxed any unsolicited advertisement to a telephone facsimile machine of PMSS or any purported class member, such advertisement is not actionable because (i) PMSS had an established business relationship with the recipient; (ii) PMSS obtained the number of the telephone facsimile machine through either (I) the voluntary communication of such number, within the context such established business relationship from the recipient, or (II) a directory, advertisement, or site on the Internet to which the recipient voluntarily agreed to make available its facsimile number for public distribution; and (III) the advertisement contained

the notice meeting the requirements of 47 U.S.C. § 227(2)(D).

## SECOND AFFIRMATIVE DEFENSE

PMSS's claims are barred because the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227, is unconstitutionally vague and unnecessarily impinges on freedom of speech rights guaranteed by the First Amendment to the United States Constitution.

## THIRD AFFIRMATIVE DEFENSE

PMSS's claims are barred because the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227, is unconstitutional because it violates the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

## FOURTH AFFIRMATIVE DEFENSE

PMSS's claims are barred by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

PMSS's claims are barred by the doctrines of waiver and estoppel.

## SIXTH AFFIRMATIVE DEFENSE

PMSS's claims are barred to the extent PMSS or any purported class member failed to take reasonable steps to mitigate their damages.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent that PMSS or any purported class member premises its claim on allegedly unsolicited facsimile transmissions received by a computer, instead of a "telephone facsimile machine," such claim is not actionable under the TCPA.

CSI reserves its right to amend this Answer to assert additional and/or different Affirmative Defenses as the bases for such defenses are learned in discovery in this matter.

WHEREFORE, CSI respectfully requests that the Court adjudicate Count I of the Complaint in CSI's favor and against PMSS, award costs to CSI to the maximum extent allowed by law, and grant CSI such additional and further relief as the Court deems equitable and just.

Respectfully submitted,

s/ *Brian H. Meldrum*
Clark A. Johnson
Brian H. Meldrum
STITES & HARBISON, PLLC
400 West Market Street, Suite 1800
Louisville, KY  40202-3352
Telephone:    (502) 587-3400

COUNSEL FOR DEFENDANT,
CODING STRATEGIES, INC.

-11-

## CERTIFICATE OF SERVICE

On April 3, 2008, I served a copy of the foregoing Answer and Affirmative Defenses to Count I of the Class Action Complaint upon the counsel of record set forth below by first class U.S. Mail, postage-prepaid.

Brian J. Wanca
ANDERSON + WANKA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008

Max G. Margulis
MARGULIS LAW GROUP
14236 Cedar Springs Dr.
Chesterfield, MO 63017

Phillip A. Bock
BOCK & HATCH, LLC
134 N. LaSalle Street, Suite 1800
Chicago, IL 60602

s/ *Brian H. Meldrum*
Brian H. Meldrum