Case No. 08 CV 1794                                                      3007051-ELS

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| PRACTICE MANAGEMENT SUPPORT SERVICES, INC., an Illinois corporation, individually and as the representative of a class of similarly-situated persons, </br></br> Plaintiff, </br></br> v. </br></br> CODING STRATEGIES, INC. </br></br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) </br></br> Case No. 08 CV 1794 </br></br> Judge James F. Holderman |

## DEFENDANT'S MOTION FOR ENTRY OF AGREED PROTECTIVE ORDER

NOW COMES, Defendant, CODING STRATEGIES, INC., by and through their attorneys, Eric L. Samore and Darren P. Grady, and pursuant to Federal Rule of Civil Procedure 26(c), moves this Honorable Court for entry of an Agreed Protective Order. In support, Defendant states as follows:

1. This case arises out of Plaintiff's allegations of a violation of the Telephone Consumer Protection Act of 1991, 27 U.S.C. §227, *et seq.* ("TCPA");

2. Defendant has generated a proposed, Agreed Protective Order (the "Agreed Order") for purposes of protecting production of certain documents and other information in this case. (Agreed Protective Order attached hereto as **Exhibit A**.)

3. Defendant's counsel has consulted with Plaintiff's counsel and the Parties have reached an agreement as to entry of this particular order.

4. Entry of this Agreed Order is just and reasonable to protect the Parties from disclosure of protected or confidential information, such as a trade secret or other confidential research, development, or commercial information.

**WHEREFORE**, Defendant CODING STRATEGIES, INC., respectfully requests that this Honorable Court enter the attached agreed protective order under Rule 26(c).

Respectfully submitted,

SMITHAMUNDSEN LLC

By: \_\_\_\_\_/s/   Darren P. Grady\_\_\_\_\_
Attorneys for Defendant

Eric L. Samore, ARDC # 6181345
Darren P. Grady ARDC # 6289608
SmithAmundsen LLC
150 N. Michigan Avenue, Suite 3300
Chicago, Illinois 60601
(312) 894-3200

# EXHIBIT A

Case No. 08 CV 1794　　　　　　　　　　　　　　　　　　　3007051-ELS

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| PRACTICE MANAGEMENT SUPPORT SERVICES, INC., an Illinois corporation, individually and as the representative of a class of similarly-situated persons,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CODING STRATEGIES, INC.<br><br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>Case No. 08 CV 1794<br><br>Judge James F. Holderman |

### AGREED PROTECTIVE ORDER

THIS MATTER, having come before the Court on Defendants' **Motion for a Protective Order**, all parties receiving due notice and the Court being fully advised in the premises, IT IS HEREBY ORDERED AS FOLLOWS:

1. This Protective Order ("Order") shall govern the designation and handling of all confidential documents and information produced in this action by any party or non-party person or entity.

2. Any party or third party that submits to the jurisdiction of this Court for adjudication of production and designation disputes who is required to produce documents or disclose information in discovery in this case (the "Producing Person") may designate as "confidential" any non-public material that the producing person believes, in good faith, contains information related to a trade secret, customer lists, non-public pricing information, personal consumer information, including social security



numbers or consumer credit report, confidential research or any other information subject to a legally protected right to privacy ("Confidential Information").

3. Designation of Confidential Information shall be made at or prior to the time of production of documents by stamping or marking the documents as "confidential" in a location that makes the designation readily apparent. A designation of Confidential Information reflects a good faith determination by counsel that the material falls within the definition of Confidential Information under the Protective Order.

4. Deposition testimony may be designated as "confidential," in whole or in part, within thirty (30) days after receipt of the written transcript by the designating party. Until that time, all deposition testimony shall be treated as confidential to permit counsel for the party deposed an opportunity to designate the deposition testimony as confidential. Deposition transcripts so marked and filed with the Court shall be kept under seal. In the event that a party needs to file a deposition transcript with the Court prior to the expiration of the thirty (30) day period set forth above, that transcript shall be treated as if it had been designated confidential. Any request to file Confidential Information under seal must comply with LR 26.2(c).

5. Any information that has not been reduced to documentary form may be designated as "confidential" by informing counsel for the parties in writing that it is "Confidential Information."

6. Confidential Information shall not be used for *any* purpose other than the defense or prosecution of this action in accordance with the provisions of this Order and shall not be discussed or disclosed to any person except as specifically authorized by this Order. All documents, information, deposition testimony or other material subject to this



Order shall not be used, directly or indirectly, by any party for any business, commercial or competitive purpose whatsoever other than the prosecution of the lawsuit.

7. Confidential Information shall be disclosed only to:

    a. The Court and its staff in this case and in any appeal there from;

    b. The named parties in this litigation;

    c. Counsel of record for the parties in this case;

    d. Partners, associates, secretaries, paralegals, and other such personnel employed or retained by or working under the supervision of said counsel who are actively engaged in assisting such counsel in this action;

    e. Outside consultants, technical advisors, and expert witnesses (whether designated as trial witnesses or not) employed or retained by the parties or counsel;

    f. Any other person or entity as to whom counsel for the producer or provider of the Confidential Information agrees in writing, or whom the Court directs shall have access to such information; and

    g. Any deponent.

8. This Agreed Protective Order is directed to pretrial discovery, subject to any further order that this Court may enter regarding confidentiality of Confidential Information used in a hearing or trial in this action.

9. Confidential Information may be used or submitted to the Court in connection with any filing or proceeding in this litigation pursuant to the procedures and restrictions set forth in Local Rule 26.2 of the United States District Court for the Northern District of Illinois. If confidential material is submitted as an exhibit or is incorporated in a pleading, brief or other material submitted to the Court, the submitting party shall file with the Clerk of the Court a copy of the pleading or brief with the



Confidential Information redacted. In addition, the submitting party shall file under seal the original pleading or brief without redaction.

10. No filing under seal is to be permitted without previously-obtained court approval. The Parties cannot seal "whatever they want" as the Court "is the primary representative of the public interest in the judicial process and is duty-bound therefore to review any request to seal the record (or part of it)." *Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943. 945 (7th Cir. 1999).

11. Disclosure of any Confidential Information to persons described in subparagraphs 7(e), 7(f) and 7(g) of this Order shall be solely for evaluation, testing, testimony, preparation for trial or other services related to this litigation. Any such person shall sign a document in the form of Exhibit A attached hereto, stating that he or she has read and understands this Order and agrees to be bound by its terms.

12. This Order shall be without prejudice to the right of the parties or other persons to: (i) bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be confidential, or (ii) present a motion to the Court for a separate protective order as to any particular document or information, including restrictions differing from those specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

13. A party or any other person objecting to the designation of Confidential Information shall provide written notice of the objection to the designating party, specifying the materials that are the subject of the objection. Within fourteen (14) days after such objection, the parties and any other objecting person(s) shall confer in good



faith in an effect to resolve the objections. If such conference does not resolve the objection, then the designating person may apply to the Court, by motion, for a ruling that material designated by a party as confidential shall be treated as confidential. The designating party shall have the burden of demonstrating the propriety of that designation. Pending determination by the Court, material designated by a party as confidential shall be treated as provided in this Order. Failure of the designating party to apply for a ruling within twenty-eight (28) days of such conference waives its right to confidentiality for such documents unless this time is extended by mutual consent of the parties.

14.  In the event of a disclosure of Confidential Information to a person not authorized to have had such disclosure made to him or her under the provisions of this Order, the party responsible for having made such disclosure shall immediately procure the return of the material and inform counsel for the designating party whose Confidential Information has thus been disclosed of all relevant information concerning the nature and circumstances of such disclosure. The responsible party shall also take all reasonable measures promptly to ensure that no further or greater unauthorized disclosure of the Confidential Information occurs.

15.  The inadvertent production of any confidential, privileged or attorney work product documents shall be without prejudice to any claims that the document is confidential or privileged and shall constitute neither a waiver of any claim or privilege that may otherwise attach thereto nor a general waiver of such claim or privilege. Upon demand of the producing party, all copies of any inadvertently produced document shall be returned forthwith, and such documents shall not be introduced into evidence, or



subject to production, in this or any other proceeding without the consent of the producing party.

16. Upon request of counsel for the Producing Party and within sixty (60) days after the final disposition of all claims and defenses asserted in this matter, by settlement or expiration of time to appeal, all Confidential Information must be returned to counsel for the Producing Party. The return of Confidential Information includes the return of any and all copies of such Confidential Information, including but not limited to those copies in the custody or control of third parties set forth in paragraph 7(e), 7(f) and 7(g) of this Order. The provisions of this Order shall continue to be binding after the conclusion of this lawsuit.

17. Moreover, in accordance with United States District Court for the Northern District of Illinois' Local Rule 26.2(g), after the case is closed, the Clerk of the Court shall maintain the documents as restricted documents for a period of sixty-three (63) days following the final disposition at the District Court level. The Parties may obtain the return of any previously-sealed or previously-restricted documents by a motion filed within sixty-three (63) days after the case is closed. Except where the Court, in response to a request of a party or on its own motion, orders otherwise, at the end of the sixty-three (63) day period the documents that are not so withdrawn will become part of the public case file.

18. Counsel for the parties are ordered to retain copies of all documents containing confidential information which are provided in discovery under the protective order. Documents containing confidential information shall **NOT** be filed with the Clerk of Court. Documents requiring the court's review shall be submitted to chambers in



camera in a sealed envelope bearing the caption of the case, case number, the title of the motion or response to which the submitted confidential information pertains, and the name and telephone number of counsel submitting the documents. The producing party shall maintain the original documents intact for any further review. A copy of the pleading, motion, or other document with confidential information redacted to leave an identified designated blank space in the pleading, motion, or other document shall be electronically filed with the Clerk of the Court for the record.

19. Nothing in this Order shall prevent any party from objecting to discovery that it believes is improper.

20. Nothing in this Order shall prevent any interested member of the public to challenge the sealing of any documents.

21. Nothing in this Order shall be construed to govern or affect the admissibility or use of any Confidential Information at trial or hearing in open court. Any requests of confidentiality or sealing of any hearing or trial is to be made to the judge presiding over that proceeding.

22. The terms of this Order shall be binding on the parties and their attorneys.

Dated: June ___, 2008

So Entered_____

Judge Holderman



EXHIBIT "A"

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PRACTICE MANAGEMENT SUPPORT SERVICES, INC., an Illinois corporation, individually and as the representative of a class of similarly-situated persons,<br><br>Plaintiff,<br><br>v.<br><br>CODING STRATEGIES, INC.<br><br>Defendant. | Case No. 08 CV 1794<br><br>Judge James F. Holderman |

**AGREEMENT CONCERNING MATERIAL**
**COVERED BY THE AGREED PROTECTIVE ORDER**

The undersigned hereby acknowledges that he or she has read the Agreed Protective Order entered in this action, that he or she understands the terms thereof, and agrees to be bound by its terms.

By: _____

Dated: _____

